Dear Mr. Kruse:
This letter is issued in response to the following questions:
 1. In the event that a State [Beef Merchandising] Council is established, is the Missouri Department of Agriculture required by law to collect the account for fees payable to the Cattlemen's Beef Promotion and Research Board?
 2. Should the Department of Agriculture pay refunds to the producer requesting same, pursuant to Section 275.360, RSMo, or to the Cattlemen's Beef Promotion and Research Board, pursuant to 7 U.S.C. § 2901-2918, amendment Section 5 (8) (C)?
Section 275.350.1, RSMo 1978, provides:
 1. Any fee imposed under the commodity merchandising program shall be collected by the director whether directly from the producers or indirectly from the handlers or processors as stipulated by the provision of the commodity merchandising program. [Emphasis added.]
 7 U.S.C. § 2904(8)(A), provides:
 The order shall provide that each person making payment to a producer for cattle purchased from the producer shall, in the manner prescribed by the order, collect an assessment and remit the assessment to the Board. The Board shall use qualified State beef councils to collect such assessments. [Emphasis added.]
Section 275.360, RSMo 1978, provides:
 1. Any producer or grower may, by the use of forms provided by the director, have the fee paid and all future fees paid or collected from him pursuant to sections 275.300 to 275.370 refunded to him, provided such request for refund is in the office of the director within sixty days following the payment of such fee. . . .
 7 U.S.C. § 2904(8) (C), provides in pertinent part:
 The rate of assessment prescribed by the order shall be one dollar per head of cattle, or the equivalent thereof in the case of imported beef and beef products. A producer who can establish that the producer is participating in a program of an established qualified State beef council shall receive credit, in determining the assessment due from such producer, for contributions to such program of up to 50 cents per head of cattle or the equivalent thereof. . . .
Section 275.350, RSMo 1978, provides for the collection by the Director of fees imposed under the commodity merchandising program. This section does not authorize the Director to collect fees for or on behalf of any third party which do not benefit the program established under Chapter 275, RSMo.
Under 7 U.S.C. § 2904(8) (A), creating the corresponding federal beef promotion program, assessments are to be collected from beef producers and remitted to the Cattlemen's Beef Promotion and Research Board by qualified state beef councils. The term "qualified state beef council" is defined in 7 U.S.C. § 2902(14) as a promotion entity which is authorized under state statute, receives voluntary contributions, and is recognized by the Board.
There is no apparent conflict between these provisions of state and federal law which would require a different interpretation than may be arrived at by a reading of each law separately. The federal law makes no demand upon the Director which affects his duty to collect fees under the state program, nor does collection of the federal assessments by the qualified state beef council interfere with collection of such state program fees. Accordingly, the Director is required to collect only the state commodity merchandising program fees, and is not empowered or required to collect the federal assessments.
Section 275.360, RSMo 1978, provides for a refund to producers of fees paid into the Commodity Council Merchandising Fund, upon timely request therefor. There is nothing in the federal statute that prevents or interferes with the Director's compliance with the state refund provisions.
Missouri's qualified state beef council(s), however, may have some difficulty in carrying out the duty of collecting assessments. The federal statute specifies collection of an assessment of one dollar per head, but authorizes a credit of up to fifty cents per head if the producer participates in a state program. A qualified state beef council would be required to remit to the Board one dollar per head less any amount up to fifty cents per head paid as fees to the state program.
If a producer requests a refund of state fees, thereby withdrawing participation from the state program, the qualified state beef council would appear to be responsible for collecting and paying to the Board an amount equal to that refunded under the state commodity merchandising program. This follows from the requirement in 7 U.S.C. § 2904(8) (C) which specifies a one-dollar-per-head assessment in the absence of participation in a state program. Cumbersome as collection from individual producers may prove to be, there is no statutory authority for the Director to pay these refunds directly to the qualified state beef council or any party but the producer originally paying same.
We conclude that the Director is not authorized to collect federal beef promotion assessments. The Director, furthermore, should pay refunds to producers, upon timely request therefor.
The foregoing opinion letter, which I hereby approve, was prepared by my assistant, Kent Barta.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General